Subsequently the court stated that it would allow the witness "to state what was done," and the witness replied to this question: "I was arrested." Counsel for the plaintiff then asked the witness: "Were you arraigned before the magistrate?" This question was objected to, and allowed by the court, and the defendant excepted. Although it does not appear that the witness answered this question, it was clearly improper for the counsel for the plaintiff to have asked it. Counsel for the plaintiff then asked the witness whether he was fined. Defendant's counsel objected, and the court sustained the objection, and the defendant's counsel again moved to have the trial declared a mistrial, "on the ground that evidence had been introduced prejudicial to the rights of the defendant." The court denied the motion, and the defendant duly excepted.

We think that the repeated attempts of plaintiff's counsel to bring before the jury the fact that the defendant's driver had been arrested after the accident constituted not only misconduct on his part, but that in this case, where evidence was conflicting, it was prejudicial to the rights of the defendant. The questions propounded by the plaintiff's counsel which are quoted above disclose a deliberate purpose to bring improper evidence before the jury. The plaintiff's counsel persisted in this purpose, although the learned court ruled that the evidence should be excluded, and the plaintiff's counsel himself stated that he conceded "that it has nothing to do with the case."

The deliberate and persistent attempt of the plaintiff's counsel to prejudice the jury against the defendant by propounding improper questions is worthy of condemnation. A verdict cannot stand unless it is the result of a fair trial, and when a persistent attempt has been made to arouse the prejudice of the jury it cannot be said that a fair trial has been had.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.

---

CROW v. NEW YORK TRANSP. CO.

(Supreme Court, Appellate Term. June 18, 1909.)

COSTS (§ 110*)—SECURITY FOR COSTS—NONRESIDENT.

A dock laborer, employed by the hour, whose employment has ceased by reason of the injuries for which he sues, and who has simply a reasonable expectation of re-employment, because his name is retained on the list of employés, is not a person having an office where he regularly transacts business, within Code Civ. Proc. § 3160, providing that a nonresident having such an office in the city of New York cannot be required to give security for costs in an action in the City Court.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 427–438; Dec. Dig. § 110.*]

Dayton, J., dissenting.

Appeal from City Court of New York, Special Term.

Action by Michael Crow against the New York Transportation Company. From an order vacating an order requiring plaintiff to file security for costs, defendant appeals. Reversed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before DAYTON, SEABURY, and LEHMAN, JJ.

Arthur K. Wing (George S. Wing, of counsel), for appellant.
Bristor & Gray, for respondent.

LEHMAN, J. The plaintiff is a resident of New Jersey, who has brought an action for personal injuries against the defendant. The defendant secured an ex parte order requiring the plaintiff to file security for costs, and now appeals from the order vacating and setting aside this order.

The motion papers disclose that the plaintiff is a dock laborer, who has been employed by the Dominion Steamship Company at Pier 26 for three years, with the exception of nine months during said period; that his name still remains on the roll of employés of said company, and he intends, as soon as he is able to go to work, to resume his employment there; that all the business he has is transacted at the docks and in the office of the Old Dominion Steamship Company; and that the said place is considered by him his office for the regular transaction of business in person. The assistant timekeeper of the company makes an affidavit stating that the name of the plaintiff has been retained on the roll of employés of the said company, and he has no doubt but that he will be allowed to resume his old employment as soon as he is able to go to work. The defendant shows in opposition that the plaintiff was a member of the night gang, and that he worked by the hour, receiving 30 cents for the time he was actually employed.

The justice at Special Term vacated the order requiring the giving of security for costs on the ground that the plaintiff had brought himself within section 3160 of the Code of Civil Procedure, relying for his authority on Wycoff v. Devlin, 8 N. Y. Civ. Proc. R. 138. That case has decided only that a nonresident of the state of New York, who has an office in the city of New York, where he regularly transacts business in person, cannot be required to give security for costs in an action in the City Court. A dock laborer, employed on a wharf by the hour, whose employment had ceased by reason of the injuries for which this action is brought, and who at the time when the summons was served had no employment in the city, but simply a reasonable expectation of re-employment, because his name was still retained on the list of employés, can in no way be described as a person who has an office or place for the regular transaction of business.

The order appealed from must be reversed, with $10 costs and disbursements to the appellant on this appeal, but without costs below.

SEABURY, J., concurs.

DAYTON, J. (dissenting). An office is a place of business to or from which a man can be traced for the transaction of his business, no matter what his occupation may be. In my opinion, on the facts here, the order was right, and should be affirmed.